UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARION LAGACE

                                  Plaintiff,

        v.                                        6:03-cv-01395


COMMISSIONER OF SOCIAL
SECURITY

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.       INTRODUCTION**

        By order dated March 18, 2005, this Court remanded a question concerning

Plaintiff's Social Security disability to the Commissioner of Social Security for further

administrative proceedings within 90 days.  Thereafter, the government moved, pursuant to

Fed. R Civ. P. 60(b), for reconsideration of the 90 day deadline.  The U.S. Attorney's Office

"inadvertently" failed to inform the Commissioner in a timely fashion of the remand, thereby

precluding timely compliance with the Court's order.  Plaintiff now seeks to recover attorney

fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for time expended

responding to the motion for reconsideration.  Defendant opposes the motion on the grounds

that the amount sought is excessive.

## II.      FACTS

Plaintiff moves attorney fees in the amount of $2,031.25.  This amount is calculated at the rate of $162.50 per hour for a period of 12.50 hours of work responding to the government's motion for reconsideration.[1]

Plaintiff's attorney submitted a time sheet along with a memorandum in furtherance of the present motion detailing the number of billable hours expended since July 14, 2005 and how they were spent.  The time sheet indicates that 8.25 hours were expended on August 3, 2005 reviewing the government's brief, analyzing the issues, performing legal research, and preparing a brief.  An additional 2.5 hours were spent preparing the brief on August 4, 2005.  Finally, 1.75 hours were devoted to preparing the EAJA motion and accounting for the change in the Consumer Price Index.

In its opposition, Defendant contests only the number of hours spent by Plaintiff's attorney, and not the hourly rate or that right to recover attorney fees.  The contested hours are limited, more specifically, to the time (10.75 hours) devoted to the Plaintiff's response to the government's motion for reconsideration.

## III.     DISCUSSION

The burden of establishing the reasonableness of the attorney's costs and fees lies with the party seeking recovery.  Hensley v. Eckerhart, 461 U.S. 423, 437 (1983).[2]  The

---

[1] Attorney fees for the plaintiff's legal representation prior to July 14, 2005 were stipulated to in a settlement dated July 26, 2005.  The fees sought by this motion are those incurred in connection with the opposition of the Defendant's motion for reconsideration.

[2] Although the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, was at issue in Hensley, 461 U.S. 423 (1983), district courts in the 5th and 7th circuits have applied

(continued...)

district court has broad discretion in determining a reasonable allowance of billable hours recoverable under the EAJA.  <u>Aston v. Secretary of Health and Human Services</u>, 808 F.2d 9 (2d Cir. 1986).  "The district court need not [scrutinize] each action taken or the time spent on it, <u>New York Ass'n for Retarded Children v. Carey</u>, 711 F.2d 1136, 1146 (2d Cir.1983)." <u>Aston</u>, 808 F.2d at 11.  Upon reviewing the time sheet submitted by Plaintiff's attorney, the Court finds the total amount of time spent in responding to the government's motion to be excessive.  Accordingly, the Court hereby reduces the number of hours for which Plaintiff is compensated to eight and a half.

## IV. CONCLUSION

For the foregoing reasons Plaintiff's motion for attorney fees is GRANTED in part. Attorney fees are ordered in the amount of $1,381.25, at the rate of $162.50 for a period of 8.5 hours.

IT IS SO ORDERED.

Dated:February 25,2006

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2](...continued)
the same reasoning to the interpretation of the EAJA. <u>See</u> e.g. <u>Von Clark v. Butler</u>, 916 F.2d 255, 259 (5th Cir.1990); *Harris v. Barnhart*, 259 F.Supp.2d 775, 782 (E.D.Wis.2003).